CPH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 OCT -5 AM 9:32
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Magistrate Case No. '07 MJ 2379 |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| **Joaquin BARRAGAN** | ) | Attempted Entry After |
| | ) | Deportation |
| Defendant. | ) | |
| | ) | |

The undersigned complainant being duly sworn states:

On or about **October 3, 2007**, within the Southern District of California, defendant **Joaquin BARRAGAN**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, U.S. Customs & Border
Protection Enforcement Officer

Sworn to before me and subscribed in my presence this 5th day of **October 2007**.

UNITED STATES MAGISTRATE JUDGE

CPK

## PROBABLE CAUSE STATEMENT

On October 4, 2007 at approximately 2230 hours **Joaquin BARRAGAN (Defendant)** attempted entry without inspection into the United States from Mexico at the vehicle entrance of the San Ysidro, California Port of Entry. A United States Customs and Border Protection (CBP) Officer conducting vehicle primary inspection discovered Defendant concealed in the rear cargo area of a gold Chevrolet Suburban. Defendant was escorted to secondary inspection.

In secondary, Defendant was queried by fingerprint and photograph submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS returned a match to the query confirming Defendant's identity and linking him to FBI and Immigration Service records.

Immigration Service records checks, including Deportable Alien Control System (DACS) and Central Index System (CIS) identify Defendant as a citizen of Mexico and previously deported alien. DACS information indicates that on or about July 26, 2006 an Immigration Judge ordered Defendant removed from the United States and Defendant was summarily removed to Mexico through San Ysidro, California on August 01, 2007. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without the benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico by birth in Jalisco, Mexico. Defendant admitted he possesses no document that would permit his legal entry into the United States. Defendant admitted to having been previously removed from the United States on two prior occasions and returned to Mexico. Defendant admitted he has not applied for or received permission from the United States government to legally enter the United States. Defendant admitted that he attempted to elude inspection by concealment in the rear cargo area of a vehicle. Defendant admitted he intended to enter the United States and travel to Los Angeles, California.